UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
JAMES MURRAY,

                 Plaintiff,                15 Civ. 913 (ER)

        - against -                    **JOINT PRETRIAL STATEMENT**

NEW YORK STATE TROOPER DAVID B.
RUDERFER,

                 Defendant.
------------------------------------------------------------------ X

ii. **TRIAL COUNSEL:**

Plaintiff's Counsel:

Leo Glickman, Esq.
Stoll, Glickman & Bellina, LLP
475 Atlantic Ave., 3rd Floor
Brooklyn, NY 11218
Phone: (718) 852-3710
lglickman@stollglickman.com

Defendant's Counsel:

Yan Fu
Rebecca Durden
New York State Office of the Attorney General
120 Broadway, 24th Floor
New York, NY 10271
Phone: (212) 416-8582 / (212) 416-8653
Fax: (212) 416-6009
yan.fu@ag.ny.gov
rebecca.durden@ag.ny.gov

iii. **JURISDICTION/VENUE:**

Defendant does not contest jurisdiction or venue.

iv. **CLAIMS AND DEFENSES TO BE TRIED:**

Plaintiff's Contentions:

Plaintiff contends that he was stopped in his vehicle by Trooper Ruderfer without probable cause that he was committing a crime of violation. When he was stopped, plaintiff alleges that his car was searched without reasonable suspicion or probable cause and he was handcuffed and placed in Trooper Ruderfer's vehicle inches removed from an aggressive K-9 unit dog. Plaintiff contends that the car stop, the search of the car and the search of his person, violated his Fourth Amendment rights to be free from an unreasonable search and seizure.

Defendant's Contentions:

Defendant did not violate Plaintiff's Fourth Amendment rights. Defendant had probable cause to stop Plaintiff's vehicle pursuant to New York Vehicle and Traffic Law § 375(12-a)(b)(2). Furthermore, Defendant smelled the odor of burnt marijuana, and therefore had probable cause to detain Plaintiff and to search Plaintiff and his vehicle. Alternatively, Defendant is entitled to qualified immunity because: (1) Defendant's conduct did not violate clearly established law; and/or (2) it was objectively reasonable for Defendant to believe that his actions did not violate Plaintiff's constitutional rights.

v. **JURY TRIAL:**

The case is to be tried with a jury. The parties estimate one to two days for trial.

vi. **NO CONSENT TO TRIAL BY MAGISTRATE JUDGE:**

All parties have not consented to trial by a magistrate judge.

vii. **AGREED STATEMENTS OF FACT OR LAW:**

The parties agree that, sometime in the afternoon on January 9, 2014, Defendant pulled Plaintiff over at the Sunoco Gas Station located at 2080 State Route 208, Montgomery, NY. Defendant searched Plaintiff and his vehicle. During the search, Defendant handcuffed Plaintiff and placed him in the police vehicle.

viii. **WITNESSES:**

Plaintiff's Witnesses

1. James Murray. Plaintiff reserves the right to call any witness called by Defendant.

Defendant's Witnesses

1. Trooper David Ruderfer
2. Sergeant Edward Kosilla*

Defendant reserves the right to call any witnesses identified by Plaintiff.

*Plaintiff objects to this witness.

ix. **DEPOSITION TESTIMONY:**

None.

x. **EXHIBITS:**

Defendant's Exhibits

1. Vehicle Search Report related to the search of Plaintiff's car on January 9, 2014
2. Pictures of the scene of the incident

    3. Pictures of Lane, Trooper Ruderfer's K-9 dog

xi. **RELIEF SOUGHT:**

Plaintiff seeks compensation for the infringement on his liberty rights and for pain and suffering in connection with his detention.

xii. **WHETHER THE PARTIES CONSENT TO A LESS THAN UNANIMOUS VERDICT:**

The parties do not consent to a less than unanimous verdict.

Dated: New York, NY
       January 29, 2016

_____
Leo Glickman, Attorney for Plaintiff

_____
Yan Fu, Attorney for Defendant