UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JAMES MURRAY,

                              Plaintiff,

            -against-

NEW YORK STATE TROOPER DAVID RUDERFER,

                              Defendant.
------------------------------------------------------------------------ X

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

15-CV-913(ER)

# PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Dated: March 16, 2016

                                          By: Leo Glickman
                                          Stoll, Glickman & Bellina, LLP
                                          Attorneys for Plaintiff
                                          475 Atlantic Avenue 3rd Floor
                                          Brooklyn, NY  11217
                                          (718) 852-3710
                                          lglickman@stollglickman.com

In addition and/or in supplement to standard pattern jury instructions, plaintiff submits the following proposed jury charges specific to his claim.

**Nature of the Action**

James Murray claims damages alleged to have been sustained as the result of a deprivation, under color of state law, of a right secured to James Murray by the Fourth Amendment of the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States.

Specifically, James Murray alleges that New York State Trooper David Ruderfer subjected him to deprivation of rights and privileges secured and protected by the Constitution and laws of the United States, namely, the Constitutional right to be free from an unreasonable search of James Murray and his automobile, and the unreasonable seizure of his person.

David Ruderfer denies that any of his actions during the time in question violated James Murray's constitutional rights. David Ruderfer claims that he was acting in good faith and that his actions were reasonable. David Ruderfer further claims that he was not guilty of any fault or wrongdoing in regard to the incident sued upon.

**Section 1983 Generally**:

Plaintiff's federal claims are brought under Section 1983 of Title 42 of the United States Code. Section 1983 provides that people, who have been deprived of their Constitutional rights by an official acting under color of state law, may sue such official for the damages proximately resulting. The law provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any state . . . subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws,

>shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Under the Fourth Amendment of the Constitution of the United States, people have the right to be free from unreasonable searches and seizures. If a person believes his constitutional rights have been violated, he has a right to sue for damages those persons who he believes under color of state law violated his rights. Whether or not such suit is successful depends on whether or not he can prove his claim, and whether or not the state officers who are sued can prove their defenses, each by a preponderance of the evidence.

**Elements of a Section 1983 Claim**:

To establish a claim against a particular defendant under Section 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following elements:

**First**, as to the defendant, that the conduct complained of was committed by a person acting under color of state law;

**Second**, that the defendant thereby deprived the plaintiff of rights, privileges or immunities secured by the Constitution of the United States; and

**Third**, that the injuries sustained by the plaintiff proximately resulted from defendants' acts.

I shall now examine each of these elements in greater detail.

**First Element: Color of State Law**:

The first element of plaintiff's claim is that the defendants acted under color of state law. In this case, there is no dispute that, at the time of the incidents at issue, the defendants were employed by the New York State Police, a governmental organization formed under the laws of the State of New York and further, that he was working as an on duty New York State police

officer at the time of the incident. Accordingly, I am instructing you that defendants were acting under color of state law, and the plaintiff has therefore met his burden on this element.

**Third Element: Causation**:

The Third element of plaintiff's claim is that the defendant's acts proximately caused the injuries complained of herein, namely the search of plaintiff and his car, and the seizure of plaintiff. There is no dispute that defendant's actions caused the injury complained of by plaintiff. Accordingly, I am instructing you that defendant's actions caused plaintiff's injury and that plaintiff has met his burden on this element.

**Second Element: Deprivation of A Right**:

The second element of plaintiff's claim is that plaintiff was deprived of his constitutional rights by each of the defendants. Whether plaintiff has met his burden on this element is disputed by the parties. Plaintiff must show as to each defendant and by a preponderance of the evidence:

**First**, that the defendant committed the acts alleged by plaintiff;

**Second**, that those acts deprived the plaintiff of rights, privileges or immunities secured by the Constitution of the United States; and

**Third**, that in performing the acts alleged, the individual defendant acted intentionally or recklessly.

**Deprivation of A Right:  Unlawful Search of Mr. Murray**

Mr. Murray claims that he was unlawfully searched by Trooper Ruderfer. Specifically, he claims that he was unlawfully pat frisked by Trooper Ruderfer and further, that Trooper Ruderfer went into his pockets to search him. Under the Constitution, warrantless searches are *per se* unreasonable, unless they fall within one of a limited number of exceptions. Thus, if it is

4

established that the place or object subjected to the warrantless search is one in which the Plaintiff had a reasonable expectation of privacy, Defendants have the burden of showing that the search was valid because it fell within one of the exceptions to the warrant requirement.

### Pat Frisk

A pat frisk is the exploration of the outer surfaces of a person's clothing. A frisk is considered a search under the Fourth Amendment to the Constitution. To conduct a frisk, a police officer must have specific and articulable objective facts which, taken together with rational inferences from those facts, demonstrate that the person frisked posed a danger to the officer or others at the time the frisk took place. The subjective beliefs of the officer are not relevant to the determination. Furthermore, vague or generalized concerns about safety cannot justify a pat frisk.

If you believe that Mr. Murray was pat frisked, and you do not believe that Trooper Ruderfer offered credible specific facts that Mr. Murray was a danger to Trooper Ruderfer or others when he frisked him, then you must find for the plaintiff on this count. If you find that Trooper Ruderfer offered credible specific facts demonstrating that Mr. Murray posed a danger to Trooper Ruderfer or others at the time of the frisk, then you must find for the defendant.

### Search

A search of a person is a more intrusive search under the Fourth Amendment than a pat frisk because it involves the officers intruding into places in which the person has a higher expectation of privacy than patting the outside of his or her clothes. Here, Mr. Murray claims that Trooper Ruderfer reached into his pockets with his hands. To conduct such a search, a police officer must be able to point to specific and articulable objective facts which, taken together with rational inferences from those facts, demonstrate that the officer had probable

5

cause that evidence of a crime was located therein at the time the person was searched. The subjective beliefs of the officer are not relevant to the determination. Furthermore, vague or generalized concerns about safety cannot justify a pat frisk.

<u>Probable Cause</u> to conduct a search of someone's person where he or she has an expectation of privacy, such as inside the pockets, exists when an officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be searched has contraband secreted within the area where he or she has an expectation of privacy, such as inside pockets.

If you believe that Mr. Murray was searched, and you do not believe that Trooper Ruderfer had probable cause to believe that Mr. Murray had contraband in his pocket, then you must find for the plaintiff on this count. If you find that Trooper Ruderfer had probable cause to believe that Mr. Murray had contraband in his pocket, then you must find for the defendant on this count.

**<u>Deprivation of Right:  Unlawful Search of Mr. Murray's Vehicle' Passenger Compartment and Trunk</u>**

Mr. Murray claims that his entire vehicle, including his trunk, was unlawfully searched by Trooper Ruderfer. Under the Constitution, a warrantless search of his vehicle is *per se* unreasonable, unless the search falls within one of a limited number of exceptions. I will now instruct you on Mr. Murray's Fourth Amendment claim to be free from an unreasonable search.

<u>Passenger Compartment</u>

To conduct a search of the passenger compartment of a vehicle without a warrant after a traffic stop, officers may search the passenger compartment of the car under any one of the following three circumstances.

6

<u>First</u>, if the occupant of the car is unsecured and within reaching distance of the passenger compartment at the time of the search, police may make a search of the passenger compartment of the car that may reasonably be judged to be within reach of the occupant. If you believe that Mr. Murray was secured during the search and/or you believe that Mr. Murray was not within reaching distance of the passenger compartment, then this exception does not apply to justify Trooper Ruderfer's search of the passenger compartment of Mr. Murray's car.

<u>Second</u>, if the occupant has been lawfully arrested, the police may search the passenger compartment when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.   If Mr. Murray was not formally arrested by Trooper Ruderfer, then this exception does not apply to justify Trooper Ruderfer's search of the passenger compartment of Mr. Ruderfer's vehicle.

<u>Third</u>, if there is probable cause to believe any area of the vehicle, contains evidence of criminal activity, a search of the area of the vehicle in which the evidence might be found may be conducted.  If you do not believe that Trooper Ruderfer had probable cause to believe that evidence of criminal activity was present in the passenger compartment of Mr. Murray's car, then this exception does not apply to justify Trooper Ruderfer's search of the passenger compartment of Mr. Murray's vehicle.

If you find that any of these exceptions to the rule that warrantless searches of a vehicle's passenger compartment are *per se* unreasonable, then you must find in favor of Trooper Ruderfer that the search of the passenger compartment was lawful.  If you find that none of these exceptions apply, then you must find that Mr. Murray's right to be free from an unreasonable search was violated.

<u>Trunk of vehicle</u>

Mr. Murray further claims that Trooper Ruderfer searched the trunk of his car. A warrantless search of Mr. Murray's trunk is per se unreasonable unless an exception applies. The trunk of an automobile may be searched if an officer has probable cause to believe that evidence of a crime is contained in the trunk. If Trooper Ruderfer did not have probable cause to believe that there was evidence of criminal activity in the trunk of the car, then you must find for plaintiff. On the other hand, if you believe that Trooper Ruderfer had specific and articulable reasons to believe that contraband was in the trunk, then you must find for defendant on this count.

**Deprivation of Right: False Detention and Confinement**

The plaintiff claims that he was falsely confined by the defendant by subjecting him to an unreasonable seizure in violation of his Fourth Amendment rights. I will now instruct you on Mr. Murray's Fourth Amendment false detention and confinement claim to be free from an unreasonable seizure.

The Fourth Amendment to the United States Constitution guarantees that no person shall be subjected to unreasonable searches and seizures. The Fourth Amendment to the United States Constitution protects persons from being subjected to unreasonable seizures by the police. A law enforcement official may only seize a person (for example, by stopping their car or handcuffing the person) if there is appropriate justification to do so.

Mr. Murray claims that Trooper Ruderfer subjected Mr. Murray to an unreasonable detention, in violation of the Fourth Amendment. To establish this claim, Mr. Murray must prove each of the following three things by a preponderance of the evidence:

**First**: Trooper Ruderfer <u>intentionally</u> detained and confined Mr. Murray.

**Second**: Those acts subjected Mr. Murray to a "seizure."

**Third**: The "seizure" was unreasonable.

It is not disputed between the parties that when Trooper Ruderfer intentionally pulled up behind Mr. Murray, told him where to stand, handcuffed him and placed him in Trooper Ruderfer's vehicle. Therefore, there is not dispute that Mr. Murray was intentionally seized by Trooper Ruderfer. You must, however, decide whether Trooper Ruderfer's detention and confinement of Mr. Murray was reasonable. I will now instruct you on how to decide whether a seizure is reasonable or unreasonable.

A seizure is reasonable if Trooper Ruderfer had probable cause to seize Mr. Murray. If he did not have probable cause to seize Mr. Murray, then the seizure was unreasonable.

<u>Probable cause</u> to seize a person exists when officers, at the time of the seizure, have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime. If you believe that Trooper Ruderfer had knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime, then seizing the plaintiff was reasonable. If, on the other hand, you do not believe that Trooper Ruderfer had knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime, then seizing the plaintiff was unreasonable.

**Compensatory Damages**

Any bodily injury sustained by Mr. Murray and any resulting pain and suffering, disability or mental anguish experienced in the past or to be experienced in the future constitutes personal injury. No evidence of the value of such intangible things as physical pain and suffering has been or needed to be introduced. In that respect, it is not value you are trying to determine, but an amount of money that will fairly compensate the Plaintiff for the damages suffered. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage.

Any such award should be fair and just in light of the evidence. You should include each of the following elements of damage which you decide has been sustained by Plaintiff to the present time:

1. physical pain;

2. mental anguish;

3. fright and shock;

4. embarrassment, humiliation or mortification;

5. psychological injury.

If any element of damage is of a continuing nature, you shall decide how long it may continue. If an element of damage is permanent in nature, then you shall decide how long the Plaintiff is likely to live.

Which, if any, of these elements of damage has been proved is for you to decide based upon evidence and not upon speculation, guess or conjecture. The amount of money to be awarded for certain of these elements of damage cannot be provided in a precise dollar amount.

The law leaves such amount to your sound judgment. Your verdict must be solely to compensate Plaintiff for his damages.

**Punitive Damages**:

If you find one or more of the defendants liable on the unlawful excessive force claim(s), you may, in your discretion, award punitive damages in addition to compensatory damages. You may award punitive damages if the plaintiff proves by a preponderance of the evidence that the defendant's conduct was malicious and reckless, and not merely unreasonable. An act is malicious and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example in order to deter him and others from committing similar acts in the future.

The awarding of punitive damages is within your discretion—you are not required to award them. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount—it must not reflect bias, prejudice or sympathy toward any party. You may consider the financial resources of each defendant, and you may impose punitive damages against some defendants and not others, or award punitive damages in differing amounts against the different defendants.

**Credibility**:

I am sure that it is clear to you by now that you are being called upon to resolve various factual issues, in the face of different and irreconcilable pictures painted by the plaintiff and the defendants. You will now have to decide whether or not the plaintiff has proven that the defendants are liable by a preponderance of the evidence. An important part of the decision will

involve making judgments about the testimony of the witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Let me first give you some general guidance on how to evaluate testimony. After that, I will discuss some additional issues raised by the witnesses who have testified in this case. There is no magic formula for evaluating testimony. You bring to this courtroom all of the experience and background of your lives in your everyday affairs. You determine for yourself every day and in a multitude of circumstances the reliability of statements that are made to you by others. The same tests that you use in your everyday matters of importance are the test you use in your deliberations.

Your decision whether or not to believe a witness may depend on your impressions of that witness. Was the witness candid, frank and forthright? Did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way in which the witness testified on direct examination compare with the way in which he or she testified on cross-examination? Was the witness' testimony consistent or self-contradictory? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias. Does the witness have a relationship with either of the parties that may affect how he or she testified? Does the witness have an interest in the outcome of this case, some incentive, loyalty or motive that might cause him or her to shade the truth? Or does the witness have some bias, prejudice or hostility that may have caused the witness – consciously or not – to give you something other

than a completely accurate account of the facts he or she testified about?  You may consider such questions when deciding what weight you will give to a witness' testimony.

If a witness has an interest in the outcome, he or she is not necessarily incapable of giving truthful testimony.  It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.  But evidence that one witness is biased, prejudiced or hostile with respect to someone else requires you to view that witness' testimony with caution, to weigh the evidence with care, and subject it to careful consideration.  Again, only the jury can decide how to weigh testimony.

You also should consider the witness' ability to express him or herself.  Ask yourselves whether the witness' recollection of the facts stands up in light of all the other evidence in the case.

If you find that any witness has willfully testified falsely as to any material fact you have the right to reject the testimony of that witness in its entirety.  On the other hand, even if you find that a witness has testified falsely or inaccurately about one matter, you may reject as false or inaccurate that portion of his or her testimony and accept as true any other portion of his or her testimony that recommends itself to your belief or which you may find corroborated by other evidence in the case.

You have heard evidence of discrepancies in the testimony of certain witnesses. Such evidence may be a basis to disbelieve a witness' testimony.  On the other hand, discrepancies in a witness' testimony or between his or her testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things, and even truthful witnesses may be nervous and contradict themselves.  Also, two people witnessing an event will often see or hear it differently.

Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

You have also heard both parties read prior statements from pre-trial deposition testimony read into the record or shown to a witness on the stand in an attempt to show inconsistencies in testimony.  Deposition testimony used as a prior inconsistent statement to impeach the witness – that is, to challenge his or her credibility or the truth of the testimony being given on the witness stand at trial – is not to be considered by you as affirmative evidence in determining the ultimate question of the trial.  Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether and how much to believe the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In essence, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection.  In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

**State Trooper Witnesses**

During this trial you have heard the testimony of a number of witnesses, some of whom are New York State Troopers.  The fact that a witness may be employed by the New York State Police does not mean that his or her testimony is deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

At the same time, it is legitimate for counsel to try to attack the credibility of a Trooper witness on the grounds that his or her testimony may be colored by a personal or professional interest in the case.  It is your decision, after reviewing all of the evidence, whether to accept the testimony of the Trooper witness and to give that testimony whatever weight, if any, you find it deserves.

**Detainee Witness**:

During this trial you have heard testimony of a witness who was detained and confined by a State Trooper.  The fact that a witness may have been a prisoner does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

At the same time, it is legitimate for counsel to try to attack the credibility of a prisoner witness if the crime they were convicted of involved dishonesty or false statement. It is your decision, after reviewing all the evidence, whether to accept the testimony of the witnesses and to give that testimony whatever weight, if any, you find it deserves.