UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JAMES MURRAY,

             Plaintiff,

-against-

STATE TROOPER DAVID B. RUDERFER,

             Defendants.

------------------------------------------------------------------------ x

Docket # 15 CV 913 (ER)

**PLAINTIFF'S APPLICATIONS *IN LIMINE***

ECF CASE

   Plaintiff, by his attorneys, Stoll, Glickman & Bellina, LLP, respectfully submits the following applications *in limine*.

Dated:  March 17, 2016
      Brooklyn, New York

            Stoll, Glickman & Bellina, LLP

            By: Leo Glickman (LG3644)
            475 Atlantic Ave. 3rd Floor
            Brooklyn, NY  11217
            (718) 852-3710
            f: (718) 852-3586
            lglickman@stollglickman.com

**INTRODUCTION**

By way of background, plaintiff was stopped in his car in Montgomery Township, Orange County, New York. The defendant alleges that he stopped plaintiff because his windows were illegally tinted. Upon approaching the car, defendant alleges that he smelled the odor of burning marijuana and that plaintiff told him that he smoked marijuana "30 days ago." Plaintiff denies smoking marijuana in his car and that he made such a statement to defendant. On the basis of the odor, defendant searched plaintiff's car and detained and handcuffed plaintiff for a disputed period of time. Defendant found no marijuana or marijuana residue, and ultimately released plaintiff without a summons or any charges.

**I. APPLICATION TO PRECLUDE EXAMINATION AND EVIDENCE OF PLAINTIFF'S DRIVING WHILE INTOXICATED ARREST AND CONVICTION**

Character evidence is not permitted to show that the witness acted in conformance therewith. FRE 404(a)(1). Specifically, evidence of convictions may not be used to demonstrate that the witness or party acted in conformance with a character trait that such conviction allegedly indicates. FRE 404(b)(1).

Criminal convictions showing the witness's character for truthfulness may be used for impeachment purposes under certain circumstances. FRE 609. However, here plaintiff's conviction has no relevance to his character for truthfulness. Specifically, plaintiff testified in his deposition that he was convicted of Driving While Intoxicated. There is no evidence in the record indicating that the conviction occurred in the last 10 years or that it was a felony, misdemeanor or vehicle and traffic law violation, the latter two of which would not be admissible under FRE 609. Therefore, plaintiff respectfully

submits that defendant be precluded from examining plaintiff on the issue or presenting any evidence of the conviction.

## II.  APPLICATION TO PRECLUDE EXAMINATION AND EVIDENCE OF PLAINTIFF'S SPEEDING TICKET

Generally, evidence of wrongs or other acts are not admissible to prove a person's character to show that on a particular occasion the person acted in accordance with the character.  FRE 404(b)(1).  Plaintiff testified that he received a speeding ticket about three years ago.  The ticket is simply not relevant or probative of anything to do with the subject matter of this litigation, and can only prejudice the jury.  For this reason and the reasons stated in section I, we respectfully request that defendant be precluded from introducing any evidence or examining plaintiff about the speeding ticket.

## III.  APPLICATION TO PRECLUDE INQUIRY INTO PLAINTIFF'S PAST MARIJUANA USE

As discussed in the introduction, plaintiff denies that he stated that he had smoked marijuana "30 days ago" to defendant.  He further denies having smoked marijuana in the 30 days prior to the incident.  He was asked in his deposition if he "ever smoked marijuana".  Plaintiff responded "I have in the past".  AAG Fu continued "Did you smoke marijuana in 2013 to 2014", and plaintiff responded "No."

That plaintiff may have smoked marijuana in his life years prior to this incident is not relevant to the litigation.  There would only be one reason to introduce such information on examination, to show that any past use of marijuana would tend to show a propensity to smoke marijuana or that when he was driving in his car he was acting in conformity with defendant's suspicion that he was smoking in his car.  Plaintiff

3

respectfully submits that any examination of plaintiff on the matter of past marijuana use must be excluded.

WHEREFORE, it is respectfully requested that the Court grant the relief requested, as well as any other relief the Court determines is appropriate.

DATED:    Brooklyn, New York
          March 17, 2016

| | |
|---|---|
| TO: | **Stoll, Glickman & Bellina LLP** |
| | Attorneys for Plaintiff |
| Office of the Attorney General | 475 Atlantic Avenue |
| Attn: AAG Yan Fu | Brooklyn, NY 11217 |
| 120 Broadway | (718) 852-3710 |
| New York NY 10217 | |
| | BY: _____/S/_____ |
| | Leo Glickman (LG3644) |